CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILE, VA
FILED
JUN 21 2017
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DAVID ALLEN DEAN, | CASE NO. 7:16CV00555 |
| Petitioner, | |
| v. | MEMORANDUM OPINION |
| BARNARD BOOKER, WARDEN, | By: Glen E. Conrad |
| | Chief United States District Judge |
| Respondent. | |

David Allen Dean, a Virginia inmate proceeding pro se, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241. He asserted that a detainer based on a certain pending state court theft charge should be stricken from his prison record and the charge should be dismissed with prejudice. Upon review of the record, the court concludes that respondent's motion to dismiss the petition as moot must be granted.[1]

I.

The material facts are not disputed. Dean is incarcerated at Green Rock Correctional Center ("Green Rock"), serving Virginia sentences of imprisonment. At the time of his arrest on the Virginia charges in April 2011, Virginia authorities learned from a records check that Dean also had pending criminal charges in Sullivan and Washington Counties in Tennessee. The VDOC considered these pending charges in classification decisions about Dean's eligibility for certain prison housing and program assignments. Dean wrote letters to the Tennessee state courts, asking for disposition of the pending charges.

On March 6, 2012, prison officials presented Dean with Interstate Agreement on Detainers Act ("IADA") Forms I and II. These forms advised Dean that Sullivan County

---

[1] Because the court will dismiss the petition for lack of a live case or controversy, the court will not address the respondent's additional argument that Dean's petition should be construed as an untimely petition under 28 U.S.C. § 2254. See In re Wright, 826 F.3d 774, 783) (4th Cir. 2016) (holding that state prisoner challenging execution of sentence as unconstitutional is properly treated as § 2254 petition regardless of petitioner's label).

authorities had lodged a detainer with the VDOC based on Dean's pending criminal charge in that jurisdiction. Dean signed the forms that same day. In May 2012, officials transported him to Sullivan County, where he was convicted and sentenced to a nine-year prison term to run concurrently with his Virginia sentences. Dean returned to the VDOC on May 24, 2012.

On August 15, 2012, the VDOC Detainer Unit received a detainer against Dean from Washington County, Tennessee, based on a 2010 charge for theft of property over $1000. On August 21, 2012, the VDOC Detainer Coordinator notified the Washington County Police Department that the VDOC had filed the detainer against Dean. Green Rock staff presented Dean with a set of IADA Forms I and II on August 28, 2012, thus offering him an opportunity to request prompt disposition of the Washington County charge. Dean refused to sign the forms and, in so doing, declined to request a speedy trial on this charge. By letter dated September 10, 2012, the VDOC Detainer Coordinator informed Washington County officials that the VDOC had filed the detainer on the theft charge and that Dean had not signed the forms required to file for speedy disposition of that charge. The current VDOC Detainer Coordinator asserts: "Washington County, Tennessee, did not have a detainer on file with the VDOC when Dean went to Court in Tennessee in May, 2012, on the Sullivan County charges." Cale Aff. ¶ 8, ECF No. 13-1.

Dean filed this § 2241 petition on November 22, 2016, against the Green Rock warden and the VDOC Director. Dean contends that by failing to try him on the theft charge in 2012, before his return to the VDOC, Washington County authorities violated the "anti-shuttling" provisions of the IADA. As relief, Dean demanded that the theft charge be dismissed with prejudice and that the detainer be stricken from his VDOC records. Thereafter, he received

notice that on January 27, 2017, Washington County authorities had dismissed the theft charge by nolle prosequi.

## II.

The IADA is a compact among 48 states, the federal government, and others with the aim of establishing procedures for resolution of one jurisdiction's outstanding criminal charges against another jurisdiction's prisoner. See 18 U.S.C. app. 2. Tennessee and Virginia are participating states. Tenn. Code Ann. § 40-31-101; Va. Code § 53.1-210. Under Article III of the IADA, when an inmate serving a prison sentence makes an appropriate request for disposition of an outstanding charge against him in another state, that "receiving" state has 180 days to retrieve that inmate for resolution of all outstanding charges against him in that state. Article IV of the IADA in Virginia and Tennessee authorizes "receiving" state authorities to request temporary custody of another state's inmate to try him on a pending charge. This provision includes an "anti-shuttling" requirement that the inmate should be tried on all charges pending against him in the receiving state before he is returned to incarceration in the sending state, or any untried charge must be dismissed with prejudice.

Respondent asserts that because the Washington County charge that triggered the detainer against Dean has been dismissed, the VDOC has stricken the detainer from his record. Dean does not disagree with these facts. Given these circumstances, respondent argues, Dean has received the relief he sought, so the court should dismiss his petition as moot. The court must agree.

Article III of the United States Constitution confers jurisdiction to federal courts only when there is an actual "case" or "controversy." To have a case or controversy under Article III, plaintiff must show, among other things, that he has suffered or will suffer some sort of injury in

fact and it is likely the injury will be redressed by a favorable decision. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). If one of these elements is lacking at any point during the litigation, the case becomes moot. Townes v. Jarvis, 577 F.3d 543, 546-47 (4th Cir. 2009) (holding that if no realistic possibility exists that a plaintiff can obtain the ultimate relief, he will fail to satisfy the redressability prong") (internal quotation marks and citations omitted); Incumaa v. Ozmint, 507 F.3d 281, 287 (4th Cir. 2007) (finding case moot if petitioner "has no further need for [the requested] relief").

Dean agrees that neither the Washington County theft charge nor the county's detainer is still pending against him. Thus, the court concludes that Dean no longer has any injury-in-fact that this court could address. Although Dean demands dismissal of the theft charge with prejudice, this court cannot grant such relief. "The IAD[A] does not explicitly grant authority to courts in the sending/custodial jurisdiction . . . to dismiss another jurisdiction's charges underlying the detainer. Authority to render a detainer invalid and to dismiss the underlying charges is afforded to the charging, and not the sending, jurisdiction." Tungate v. Thoms, 45 F. App'x 502, 504-05 (6th Cir. 2002) (citing IADA Articles III(d); IV(e); V(c)). In Dean's case, the charging state was Tennessee.

Moreover, Dean's fear of future prosecution on that charge is without legal or factual foundation. While voluntary cessation of the challenged activity sometimes does not moot the case, this exception does not apply if plaintiff proves no reasonable expectation that the wrong may be repeated. Incumaa, 507 F.3d at 288. As Dean himself notes, any attempt to reindict Dean for a theft involving over $1000 that occurred in 2010 would now be barred under Tennessee law by the applicable statute of limitations. See Tenn. Code Ann. §§ 39-14-103 (theft of property offenses); 39-14-105 (providing that theft involving more than $1000 but less than

$2500 is a Class E felony; more that $2500 but less than $10,000 is a Class D felony; and more than $10,000 but less than $60,000 is a Class C felony); 40-2-101(b)(3) (setting limitations period of two or four years for such felonies). Nothing in the record suggests that the nolle prossed theft charge against Dean involved more than $60,000.

### III.

For the reasons stated, the court concludes that the motion to dismiss Dean's petition must be granted, because his claims are now moot and without merit. An appropriate order will enter this day. The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner and to counsel of record for the respondent.

ENTER: This 20th day of June, 2017.

_____
Chief United States District Judge